**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-22144-CV-WILLIAMS**

ALLAN YOUNG,

Petitioner,

v.

WARDEN KROME NORTH SERVICE PROCESSING CENTER, *ET AL.*,

Respondents.
_______________________________________/

**ORDER**

**THIS MATTER** is before the Court on Petitioner Allan Young's ("***Petitioner***") Petition for Writ of Habeas Corpus (DE 1) ("***Petition***"). Respondents filed their Response to Order to Show Cause (DE 10) ("***Response***"), and Petitioner filed a reply (DE 13). On October 28, 2026, Petitioner filed a Motion for Leave to Supplement the Record and for Expedited Consideration of the Pending Habeas Petition (DE 23). For the following reasons, Mr. Young's Petition (DE 1) is **GRANTED**.

## I. FACTUAL BACKGROUND

Petitioner is a Jamaican national who entered the United States on June 10, 1993, as a B2 visitor. (DE 10-1). Petitioner remained in the United States and was subsequently placed in removal proceedings. On June 19, 2014, Petitioner was ordered removed from the United States. In the order of removal, the Immigration Judge granted Petitioner's application for Withholding of Removal to Jamaica, allowing Petitioner to be released on an Order of Supervision. (DE 10-5). Petitioner was issued a second Order of Supervision ("***OSUP***") on June 11, 2025. (DE 1 at 18–21).

On March 16, 2026, Petitioner's OSUP was revoked after ICE ERO issued an immigration detainer while Petitioner was in custody for petit theft at Broward County jail. On March 18, 2026, Petitioner was transferred to Florida Soft-Sided Facility South. (DE 20-2). Petitioner is now in custody at Miami Federal Detention Center where he has remained since June 20, 2026. To date, Petitioner has been in custody for seven months and twenty-four days.

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

### A. *Judicial review of Petitioner's claims is not barred by 8 U.S.C. § 1252.*[1]

Respondents argue that the Court has been stripped of jurisdiction over Petitioner's claims by 8 U.S.C. § 1252 (g). (DE 10 at 3–5). This argument fails.

Section 1252(g) strips courts' jurisdiction over "any cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" 8 U.S.C. § 1252 (g). "The provision

[1] Respondents first argue that the Court does not have jurisdiction because Plaintiff was initially detained in the Middle District of Florida. However, Florida Soft-Sided Facility South closed in June 2026. Plaintiff is currently in custody in the Southern District of Florida, and therefore, this Court has jurisdiction.

applies only to the three discrete actions the Attorney General may take: [his] 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999) ("***A.A.D.C.***") (quoting § 1252(g)). Section "1252(g) is not to be construed broadly as a 'zipper' clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three 'discrete' governmental actions enumerated in that subsection." *Wallace v. Sec'y, United States Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (citing *A.A.D.C.*, 525 U.S. at 472–73). "And although many other decisions or actions may be part of the deportation process, only claims that arise from one of the covered actions are excluded from [a court's] review. . . ." *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (internal citations and quotations omitted).

"Here, Petitioner is not challenging Respondents' decision to execute a removal order, nor is Petitioner challenging Respondents' decision to commence or adjudicate his removal proceedings. Instead, Petitioner challenges his ongoing detention, which is not a claim barred by § 1252(g)." *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025). Moreover, a court's review of whether ICE satisfied procedural due process requirements in revoking a petitioner's OSUP does not implicate any discretionary decisions, such as those to "commence proceedings, adjudicate cases, or execute removal orders." *Grigorian v. Bondi*, 824 F. Supp. 3d 1243, 1252 (S.D. Fla. 2025). Therefore, the Court has subject matter jurisdiction to review Petitioner's claims.

**B. *Mr. Young's Detention has become prolonged.***

Mr. Young argues that his continued detention is unlawful, citing *Zadvydas*. It is undisputed that Mr. Young is subject to a final order of removal and that his detention

therefore falls under 8 U.S.C. § 1231. Accordingly, *Zadvydas* and its burden-shifting framework governs the Court's analysis.

Under *Zadvydas*, a petitioner must demonstrate: (1) that he has been detained for more than six months following the final order of removal and (2) there is good reason to believe that there is no significant likelihood of removal in the foreseeable future. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). After this six-month period and once the petitioner provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Mr. Young has been detained by ICE since March 17, 2026—that is seven months and twenty-four days in Respondents' custody. (DE 10 at 6). Thus, the six-month period of presumptively reasonable detention has expired. *See Zadvydas*, 533 U.S. at 701 (establishing a six-month period during which continued detention post-removal is presumptively reasonable). Furthermore, a review of the record demonstrates that there is good reason to believe that there is no significant likelihood of removal in the foreseeable future. The Petition argues that Mr. Young was granted protection under the Convention Against Torture, which prohibits his removal to Jamaica. (DE 1 at 2). Respondents confirm that such protection was granted on June 19, 2014. (DE 10-5). However, Respondents fail to rebut Petitioner's argument that removal will not occur in the foreseeable future. Indeed, Respondents do not provide the Court with any details about their plan to remove Petitioner to a country where he will not face persecution, nor do Respondents provide the Court with any documentation from any country that assures

the Court that Petitioner will not be re-repatriated to Jamaica. Respondents provide no indication that *any* steps were taken to effectuate Mr. Young's removal. *See, e.g.*, *Duong v. Bondi*, 817 F. Supp. 3d 1095, 1100 (W.D. Wash. 2025) (considering that "ICE ha[d] not yet submitted a request for a travel document to the Vietnamese government for review" in concluding petitioner met her burden); *Ahrach v. Baltazar*, No. 25-CV-03195, 2025 WL 3227529, at *4 (D. Colo. Nov. 19, 2025) (finding that petitioner met their burden by demonstrating that "ICE made no efforts to remove" them beyond soliciting acceptances from a few countries for removal); *Babakhani v. Gantt*, No. CIV-26-705, 2026 WL 2285525, at *3 (W.D. Okla. June 5, 2026), *report and recommendation adopted*, No. CIV-26-705, 2026 WL 1822995 (W.D. Okla. June 24, 2026) ("[M]ore importantly his allegations relating to futile document requests to Iran and sporadic removal efforts by ICE are sufficient to advance his claim because they allege a lack of meaningful, ongoing efforts by [ICE] to remove Petitioner in recent months.") (citations and quotation marks omitted). Based on this record, Respondents have failed to rebut Mr. Young's showing. Accordingly, Petitioner's continued detention without any indication that removal will occur in the foreseeable future, seriously violates Petitioner's Constitutional rights.[2]

### C. *Respondents have not demonstrated that Petitioner's OSUP revocation was lawful.*

Respondents inform the Court that on March 16, 2026, ICE ERO issued an immigration detainer, and "[d]uring this encounter Petitioner's OSUP was revoked, an

---

[2] The Court notes that during Petitioner's prolonged detention, Petitioner has developed serious medical complications, including complete blindness in his left eye, substantial loss of vision in his right eye, and cardiovascular issues. Thus, Petitioner's continued detention, and Respondents' indifference to his serious medical needs, may constitute cruel and unusual punishment under the Eighth Amendment.

informal interview was conducted, and Petitioner was taken into ICE custody." (DE 10 at 2). Respondents also supply the Court with a declaration by Deportation Officer Luis Cordero-Perez stating the same. (DE 10-3) ("On this same day, ICE ERO issued an immigration detainer. *Id*. During this encounter, Petitioner's OSUP was revoked, an informal interview was conducted, and Petitioner was taken into ICE custody."). However, aside from the declaration, the record is devoid of any evidence that Petitioner received actual notice prior to his OSUP being revoked or that an informal interview took place. Respondents have not established that Deportation Officer Cordero-Perez presented the requisite information to Mr. Young in a manner that assures the Court that Petitioner was aware of his rights and had the ability to respond to the reasons for revocation.

Moreover, were Mr. Young to have received an informal interview, it would have occurred on the same day that Mr. Young purportedly received notice that his OSUP was revoked, in that all events attendant revocation took place on March 16, 2026. (DE 10-3) ("On this same day, ICE ERO issued an immigration detainer. *Id*. During this encounter, Petitioner's OSUP was revoked, an informal interview was conducted, and Petitioner was taken into ICE custody."); *See Doval v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-247-JEP-SJH, 2026 WL 1153072, at *3 (M.D. Fla. Apr. 29, 2026) ("Further, ICE provided Petitioner with notice of the informal interview and his opportunity to respond with evidence on the very same day of the interview— effectively eliminating his opportunity to gather 'any evidence or information' to contest the reasons for the revocation in a meaningful manner."). Consequently, it is highly unlikely that Mr. Young would have had an adequate opportunity to prepare for the informal interview with such little time.

The failure to provide adequate notice is not a failure to satisfy some mere technical requirement. Adequate notice provides individuals with the opportunity to be prepared to contest their OSUP revocation at the informal interview. "The essence of due process is the requirement that a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it." *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (citation and quotation marks omitted). "The opportunity to contest detention through an informal interview is not some ticky-tacky procedural requirement; it strikes at the heart of what due process demands." *Grigorian*, 824 F. Supp. 3d at 1255; *see also La Rosa Hernandez v. Parra*, No. 26-21701-CIV, 2026 WL 1221818, at *6 (S.D. Fla. Apr. 2, 2026) ("Petitioner's due process rights were violated when his OSUP was revoked without notice or opportunity to be heard, and any future attempt to remove Petitioner must avoid further violation of his constitutional rights."). Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. Accordingly, Respondents have not demonstrated that Petitioner's OSUP revocation comported with Due Process.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Mr. Young's Petition (DE 1) is **GRANTED**.
2. Respondents shall **IMMEDIATELY RELEASE** Mr. Young subject to the same conditions under which he was on supervised release. Respondents shall coordinate with Mr. Young's counsel regarding the time and location of his release.
3. Respondents shall file a notice with the Court within forty-eight (48) hours confirming their compliance with this Order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 9th day of November, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE